# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HBAC MATCHMAKER MEDIA, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 13-428-SLR |
| CBS INTERACTIVE INC., | ) ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| HBAC MATCHMAKER MEDIA, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 13-429-SLR |
| GOOGLE INC. and YOUTUBE LLC, | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| HBAC MATCHMAKER MEDIA, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 13-430-SLR |
| BRAVO MEDIA LLC; NBC ENTERTAINMENT AND UNIVERSAL TELEVISION NETWORKS, | ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| HBAC MATCHMAKER MEDIA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 13-431-SLR |
| | ) | |
| FOX BROADCASTING COMPANY, et al. | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| HBAC MATCHMAKER MEDIA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 13-432-SLR |
| | ) | |
| DIRECTV GROUP INC., | ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| HBAC MATCHMAKER MEDIA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 13-433-SLR |
| | ) | |
| ESPN, INC.; et al., | ) ) | |
| Defendants. | ) | |

HBAC MATCHMAKER MEDIA, INC.,          )
                                      )
              Plaintiff,              )
                                      )
       v.                             )          Civ. No. 13-434-SLR
                                      )
CARTOON INTERACTIVE GROUP             )
INC.; et al.,                         )
                                      )
              Defendants.             )
_____

HBAC MATCHMAKER MEDIA, INC.,          )
                                      )
              Plaintiff,              )
                                      )
       v.                             )          Civ. No. 13-435-SLR
                                      )
UNIVISION INTERACTIVE                 )
MEDIA, INC.,                          )
                                      )
              Defendant.              )
_____

HBAC MATCHMAKER MEDIA, INC.,          )
                                      )
              Plaintiff,              )
                                      )
       v.                             )          Civ. No. 13-436-SLR
                                      )
VEVO LLC,                             )
                                      )
              Defendant.              )
_____

| | | |
|---|---|---|
| HBAC MATCHMAKER MEDIA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 13-437-SLR |
| | ) | |
| VIACOM INTERNATIONAL INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| HBAC MATCHMAKER MEDIA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 13-438-SLR |
| | ) | |
| YAHOO! INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| HBAC MATCHMAKER MEDIA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 13-962-SLR |
| | ) | |
| BLIP NETWORKS INC., | ) | |
| | ) | |
| Defendant. | ) | |

HBAC MATCHMAKER MEDIA, INC., )
                                )
         Plaintiff,             )
                                )
    v.                          )       Civ. No. 13-965-SLR
                                )
USTREAM INC.,                   )
                                )
         Defendant.             )
_____

## MEMORANDUM ORDER

At Wilmington this 3rd day of June, 2014, having heard argument on, and having

reviewed the papers submitted in connection with, the parties' proposed claim

construction;

IT IS ORDERED that the disputed claim language of U.S. Patent Nos. 5,774,170

("the '170 patent") and 6,002,393 ("the '393 patent") shall be construed consistent with

the tenets of claim construction set forth by the United States Court of Appeals for the

Federal Circuit in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005), as follows:

**1. "[H]ead end system:"**[1] "[T]he point in a TV system at which all programming

is collected and formatted for placement on the TV system."  The patent is directed to

"[a] system and method for targeting TV advertisements to individual consumers

delivering a plurality of advertisements to a display site."[2] ('393 patent, abstract, 3:60-

61)  The limitation "head end system" is not used in the specification.  While plaintiff

argues for a broader construction of this limitation (to include the internet), the

specification consistently refers to "cable TV," "television," and "VCR." (*See, e.g., id.*,

_____

[1]Claim 1 of the '393 patent.

[2]While the patent also describes "radio commercials," neither party seeks to
include "radio" applications in the constructions.

3:60-61, 4:22-35, 9:20-33) Moreover, the figures in the '393 patent represent TV systems and more particularly cable television. (*Id.*, figs. 4, 5, 7)

> **2. "[D]ownloading the [instruction/command signal] . . . to command the control device[s] to select [an/the] advertisement from the head end system:"[3]**

"[D]ownloading from the head end system the [instruction/command signal] to the control device[s] at the [at least one display site/first and second display sites] to command the control device[s] to select [an/the] advertisement obtained from the head end system." This construction finds support in the claim language, which contains details prior to the limitation at issue regarding "the commercial database," the advertisements and consumer information stored in the head end system, as well as how the instructions are generated. ('393 patent, 13:28-57) The specification describes a commercial processor (including a microcontroller) "at the display site respond[ing] to instructions previously downloaded to it during the commercial period and implement[ing] the targeted commercial strategy appropriate for the viewer." (*Id.*, 4:53-56; 11:14-18)

> **3. "[T]argeting advertisements ... using code comparison in a control device [at [a/the] [display/viewing] site]:"[4]** "'[C]ode comparison'/'comparing a code'/'comparison of a code' requires comparison of one or more codes associated with an advertisement and one or more codes associated with a display site or viewer."

The patent describes a system and process "to provide viewers with advertisements

---

[3]Claims 1, 10, 19, 28, 37, 46, and 55 of the '393 patent.

[4]Claims 1, 16, 24, 35, 43, 44, and 46 of the '170 patent.

2

which are matched to the viewer's interests and needs." ('170 patent, 3:20-23) A commercial processor "is programmed to find and analyze the [commercial identifier code ('CID')] codes in each commercial. When a match between the CID in the commercial and the CID transmitted and stored at the point of use is found, the advertisement is then presented to the viewer." (*Id.*, 4:5-9) The court concludes that the preamble is limiting, as the concept of "code comparison" is described throughout the specification and claims. The construction supports the remaining claim language, which recites a "means . . . for communicating . . . and for selecting the advertisement . . . based on a command from the control device," without importing limitations into the claim. Moreover, the claim language is not limited to certain codes. The specification states that "[a]nother aspect of the invention is that the system can be further enhanced with additional codes appended to the CID code to provide additional capabilities." (*See e.g., id.*, 4:19-22)

United States District Judge

3