IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HBAC MATCHMAKER MEDIA, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CBS INTERACTIVE INC., )<br>)<br>Defendant. ) | Civ. No. 13-428-SLR |
| HBAC MATCHMAKER MEDIA, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GOOGLE INC. and YOUTUBE LLC, )<br>)<br>Defendants. ) | Civ. No. 13-429-SLR |
| HBAC MATCHMAKER MEDIA, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRAVO MEDIA LLC; NBC )<br>ENTERTAINMENT AND UNIVERSAL )<br>TELEVISION NETWORKS, )<br>)<br>Defendants. ) | Civ. No. 13-430-SLR |

| | |
|---|---|
| HBAC MATCHMAKER MEDIA, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FOX BROADCASTING COMPANY, )<br>et al. )<br>)<br>Defendants. ) | Civ. No. 13-431-SLR |
| HBAC MATCHMAKER MEDIA, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DIRECTV GROUP INC., )<br>)<br>Defendant. ) | Civ. No. 13-432-SLR |
| HBAC MATCHMAKER MEDIA, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ESPN, INC.; et al., )<br>)<br>Defendants. ) | Civ. No. 13-433-SLR |
| HBAC MATCHMAKER MEDIA, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CARTOON INTERACTIVE GROUP )<br>INC.; et al., )<br>)<br>Defendants. ) | Civ. No. 13-434-SLR |

| | | |
|---|---|---|
| HBAC MATCHMAKER MEDIA, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. No. 13-435-SLR |
| UNIVISION INTERACTIVE MEDIA, INC., | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| HBAC MATCHMAKER MEDIA, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. No. 13-436-SLR |
| VEVO LLC, | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| HBAC MATCHMAKER MEDIA, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. No. 13-437-SLR |
| VIACOM INTERNATIONAL INC., | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| HBAC MATCHMAKER MEDIA, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. No. 13-438-SLR |
| YAHOO! INC., | ) | |
| Defendant. | ) | |

| | |
|---|---|
| HBAC MATCHMAKER MEDIA, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BLIP NETWORKS INC., )<br>)<br>Defendant. ) | Civ. No. 13-962-SLR |
| HBAC MATCHMAKER MEDIA, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>USTREAM INC., )<br>)<br>Defendant. ) | Civ. No. 13-965-SLR |

**MEMORANDUM ORDER**

At Wilmington this 30th day of June, 2014, having considered plaintiff HBAC Matchmaker Media, Inc's ("HBAC") motion for clarification or reargument (D.I. 76) and the papers submitted in connection therewith;

IT IS ORDERED that HBAC's motion for reargument is denied for the following reasons:

1. A motion for reargument under Local Rule 7.1.5 is the "functional equivalent" of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). See Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1352 (3d Cir. 1990) (citing Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986)). The standard for obtaining relief under Rule 59(e) is difficult to meet. The purpose of a motion for reargument is to "correct manifest errors of law or fact or to present newly discovered

evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id.* A motion for reargument is not properly grounded on a request that a court rethink a decision already made and may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

2. HBAC has failed to demonstrate any of the aforementioned grounds to warrant a reconsideration of the court's June 3, 2014 order.

3. To the extent that the court's construction of "head-end system"[1] is unclear, the court further construes "head end system" as: "[T]he point in a TV system at which all programming is collected and formatted for placement on the TV system. 'TV system' necessarily utilizes a conventional television set and/or set-top box for selecting from (and displaying) multiple channels of TV programming." This further construction clarifies that the "head end system" and the invention of the '393 patent are directed to the specific technology platforms disclosed in the specification, i.e., conventional television systems, especially cable TV systems and other multichannel TV systems. *See, e.g.,* '393 patent, 1:42-45 ("It is very difficult to demonstrate the effectiveness of

---

[1] Claim 1 of U.S. Patent No. 6,002,393 ("the '393 patent").

2

advertising in an environment of a hundred or more channels of advertiser supported programming."); *id.* at 4:40-45 ("Display of a targeted commercial is accomplished by tuning to the frequency which contains the targeted commercial and, if it is digitized, selecting the correct digital data stream. In order to avoid subscriber confusion, the channel indicator does not change during the display of the targeted commercial."); *id.* at fig.3 & 8:65-9:1 ("Bank of Modulators 346 which put the signals into separate frequency channels so that they may be tuned at the Receive Site."); *id.* at fig.5 & 9:55-57 ("The operation of Tuners such as 508 and Detectors such as 512 are well known to those skilled in the radio and television arts.").

United States District Judge

3